YOSHIDA & ASSOCIATES
A Law Corporation

RANDAL S. YOSHIDA (Hawaii Bar No. 3059)
GEORGE C. ALEJANDRO (Hawaii Bar No. 7683)
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2730
Honolulu, Hawaii  96813
Phone: (808) 536-6614
Facsimile: (808) 536-9989
Emails: randal@randalyoshida.com
          george@randalyoshida.com

Attorneys for Plaintiffs PECA-HEW
ANNUITY FUND, by its Trustees
Rodney Kim, Nicholas Teves, Jr.,
Scott Waracka, Rodney Capello, Morris
Kaneshiro, Wayne Ogata, and Dean Matsumura

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PECA-HEW ANNUITY FUND, by its trustees, Rodney Kim, Nicholas Teves, Jr., Scott Waracka, Rodney Capello, Morris Kaneshiro, Wayne Ogata, and Dean Matsumura,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>ARSENIO MATIAS,<br><br>　　　　　Defendant. | CIVIL NO. CV08-00028 JMS LEK<br><br>MAGISTRATE JUDGE'S FINDINGS OF FACT AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANT ARSENIO MATIAS; EXHIBIT "A"<br><br><u>Hearing</u>:<br>Date: May 5, 2008<br>Time: 9:30 p.m.<br>Judge: Hon. Leslie E. Kobayashi<br><br>No Trial Date Set |

**<u>MAGISTRATE JUDGE'S FINDINGS OF FACT
AND RECOMMENDATION TO ENTER DEFAULT
JUDGMENT AGAINST DEFENDANT ARSENIO MATIAS</u>**

On May 5, 2008, the matter came before the undersigned Magistrate Judge with the Plaintiffs represented by attorneys Randal S. Yoshida and George C. Alejandro. Defendant Arsenio Matias failed to appear for the hearing.

Having reviewed and considered the motion, declarations, exhibits, arguments, and the files and records herein, the Court hereby makes the following Findings of Fact, and Recommendation.

I.  <u>FINDINGS OF FACT</u>

1. This action arises under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §1000, et. seq. Jurisdiction is founded upon the existence of federal question as provided by 29 U.S.C. §1132.

2. The Complaint herein was filed on January 17, 2008, alleging that Defendant Arsenio Matias failed to reimburse the PECA-HEW Annuity Fund (hereinafter "Annuity Fund") for an overpayment of annuity benefits in the amount of $10,300.51, and any interest and investment income lost as a result of the overpayment.

3. Defendant Arsenio Matias was served with the Complaint on February 5, 2008, as evidenced from the Return of Service filed herein on February 6, 2008.

4. Plaintiffs are acting in their official capacity as trustees of the PECA-HEW Annuity Fund (the "Annuity Fund"), which was and is an employee benefits plan jointly and equally administered by representatives of management and labor, organized and existing under the laws of the United States, as a multi-employer benefit plan within the meaning of 29 U.S.C. §1102 and §1103, and as

an express trust created by a written trust agreement.  The Annuity Fund has its principal office in the City and County of Honolulu, State of Hawaii.

5. At all times relevant herein, Defendant Arsenio Matias was and is a resident of the State of Hawaii.

6. Defendant Arsenio Matias is and/or was a participant in the PECA-HEW Annuity Fund.

7. On December 27, 2001, Defendant Arsenio Matias was paid a total of $53,221.46 from the Annuity Fund.

8. A review of this distribution revealed that the amount was equal to Defendant Arsenio Matias' total account balance under the Annuity Fund as of August 31, 2000, and not as of August 31, 2001 as required under the Annuity Fund documents.

9. When the August 31, 2001 Fund Allocation was completed and presented to the Trustees via letter dated July 2, 2002, it was noted that the Annuity Fund had suffered an investment loss totaling $2,293,128.63 that was allocated proportionately among participants with account balances as of August 31, 2001, based on their account balances at the beginning of the Plan Year in accordance with the Annuity Fund documents.

10. Section 2.10 of the PECA-HEW Annuity Plan reads:

2.10  VALUE OF PARTICIPANT'S ACCRUED BENEFIT

The value of each Participant's Accrued Benefit consists of that proportion of the net worth (at fair market value) of the PECA-HEW Annuity Fund which the net credit balance in his Account bears to the

3

total net credit balance in the Accounts of all Participants.

11. Section 4.3 of the PECA-HEW Annuity Plan states:

4.3  ACCOUNTING AND ALLOCATIONS

(a)  The Administrator shall establish and maintain an account in the name of each Participant to which the Administrator shall credit as of each Anniversary Date, or other Valuation Date, all amounts allocated to each such Participant as set forth herein.

(b)  The Employer shall provide the Administrator with all information required by the Administrator to make a proper allocation of the Employer contributions for each Plan Year.  Within a reasonable period of time after the date of receipt by the Administrator of such information, the Administrator shall allocate such contribution to each Participant's Account in accordance with Section 4.1

(c)  On or before each Anniversary Date any amounts which became Forfeitures since the last Anniversary Date may be used to satisfy any contribution that may be required pursuant to Section 3.5 and/or 6.9, or be used to pay any administrative expenses of the Plan.  The remaining Forfeitures, if any, shall be used to reduce the contribution of the Employer hereunder for the Plan Year in which such Forfeitures occur.

(d)  Participants shall be eligible to share in the allocation of contributions for a Plan Year subject to the following:

(1)  With respect to the allocation of Employer contributions made on or after December 1, 1993, upon completion of the 240 Hours of Service under Article III hereof, the Administrator shall allocate to each Participant's account an amount equal to a fraction, the numerator of which is the Employer's contribution made on behalf of each such Participant under Section 4.1(a) hereof for each such Participant's months of actual Plan Participation, and the denominator of which is the total of all Employer contributions made on behalf of all Participants for such Participants' months of actual Plan Participation, multiplied by the total Employer contributions to the Plan for the Plan Year.

(2)  In allocating an Employer contribution to a Participant's

> account, the Administrator, except for purposes of determining the top heavy minimum contribution hereunder, will take into account only the Compensation determined for the portion of the Plan Year in which the Employee actually is a Participant.
>
> (3)   For any Top Heavy Plan Year, Non-Key Employees not otherwise eligible to share in the allocation of contributions as provided above, shall receive the minimum allocation provided for in Section 4.3(f) if eligible pursuant to the provisions of Section 4.3(g).
>
> *(e)   As of each Valuation Date, before the current valuation period allocation of Employer contributions, any earnings or losses (net appreciation or net depreciation) of the Trust Fund shall be allocated in the same proportion that each Participant's and Former Participant's nonsegregated accounts bear to the total of all Participants' and Former Participants' nonsegregated accounts as of such date.*
>
> *Participants' transfers from other qualified plans deposited in the general Trust Fund shall share in any earnings and losses (net appreciation or net depreciation) of the Trust Fund in the same manner provided above. Each segregated account maintained on behalf of a Participant shall be credited or charged with its separate earnings and losses.*
>
> *      *      *

(Emphasis added)

12.   Defendant Arsenio Matias' pro-rata share of the August 31, 2001 investment loss was determined in that Allocation to be $10,300.51 and, as a result, Defendant Arsenio Matias' August 31, 2001 account balance totaled $42,920.95.

13.   Because Defendant Arsenio Matias was paid $53,221.46 on December 27, 2001, instead of the amount that he was actually entitled to of $42,920.95, Defendant Arsenio Matias was determined to have received an

5

overpayment of $10,300.51 from the Annuity Fund.

14. Based on the interest rates applicable under the Internal Revenue Code §6621(a)(2) and the interest factors provided in Internal Revenue Service Revenue Procedure 95-17, the interest due and owing by Defendant Arsenio Matias from December 27, 2001 to March 31, 2008 amounts to $4,946.18.

15. On March 19, 2008, the Clerk of the Court entered default against Defendant Arsenio Matias for failure to answer or otherwise defend the Complaint.

16. Defendant Arsenio Matias has not appeared in this action, and is not entitled to notice of Plaintiffs' request for default judgment.

17. Defendant Arsenio Matias is neither a minor nor an incompetent person.

18. At the time of service of process, Defendant Arsenio Matias was not in active military duty.

19. The Court finds the following rates to be reasonable for work performed on this matter: Randal Yoshida, Esq. - $200; and George Alejandro, Esq. - $150.

20. This Court finds that Plaintiffs have established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Randal Yoshida | 2.90 | $200 | $ 580.00 |
| George Alejandro | 4.60 | $150 | $ 690.00 |
|  |  | SUBTOTAL | $1,270.00 |
|  | State Excise Tax of 4.71% |  | $ 59.82 |
|  | **TOTAL LODESTAR AWARD** |  | **$1,329.82** |

21. This Court finds that Plaintiffs should be awarded their requested costs of $426.96 in full.

22. Therefore, as of March 31, 2008, the amounts known to be due and owing from Defendant Arsenio Matias to Plaintiffs are as follows:

    a. Overpayment ........................................................ $10,300.51

    b. Prejudgment interest ............................................... $4,946.18
       (from December 27, 2001 until
       March 31, 2008)

    c. Attorney's fees ....................................................... $1,329.82

    d. Costs ...................................................................... $426.96

    TOTAL AMOUNT DUE ................................................... $17,003.47

23. There is no just reason for the delay of final judgment against Defendant Arsenio Matias, in accordance with Rule 55(b)(2) of the *Federal Rules of Civil Procedure*.

## II. RECOMMENDATION

IT IS HEREBY RECOMMENDED that Default Judgment be granted in favor of Plaintiffs and against Defendant Arsenio Matias, in the total sum of $17,003.47, in the form attached hereto as Exhibit "A".

IT IS FURTHER RECOMMENDED that this judgment shall bear interest at the statutory judgment rate from the date of entry until fully paid.

DATED:  Honolulu, Hawaii, May 6, 2008.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

*PECA-HEW ANNUITY FUND vs. ARSENIO MATIAS*, U.S. District Court, District of Hawaii, Civil No. CV08-00028 JMS LEK, FINDINGS OF FACT AND RECOMMENDATION